UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANITA HOLLINS                                     :
c/o 12614 Britton Drive                           :
Cleveland, Ohio 44120                             :
                                                  :
    vs.                                           :
                                                  :          COMPLAINT UNDER
BANK OF AMERICA N.A.                              :          FED.R.CIV.P. 60(d)
Bank of America Corporate Center                  :
100 North Tryon Street                            :
Charlotte, North Carolina 28255                   :

JURISDICTION

Suit is between Bank of America, incorporated in Delaware, principal place of business and headquarters in North Carolina, and Anita Hollins of Ohio, disputing for fraud on the court a state court judgment that awarded $97,900. This court has jurisdiction pursuant to 28 USC 1332.


1.)     Plaintiff Anita Hollins owned a Cleveland house subject to a Note made to Quicken Loans and a Mortgage made to Mortgage Electronic Registration System as nominee of Quicken Loans.

2.)     The Note was specially endorsed and transferred to Countrywide Bank, and allegedly by blank endorsement to Defendant, Bank of America.

3.)     Bank of America sued before the Court of Common Pleas of Cuyahoga County, Ohio,  Bank of America, N.A. vs. Benjamin Rogers, et al., Case Number CV 833789, alleging default on the Note and seeking to foreclose the equity of redemption of the Mortgage, naming Anita Hollins as one defendant among others.

4.)     Trial was held before the Magistrate of the Court.

5.)     The Magistrate ruled that, inter alia, "[Bank of America] must present evidence showing … if [Bank of America] is not the original mortgagee, the chain of assignments and transfers."  Mortgages are assigned, notes are transferred.  Magistrate's Decision, p. 3, June 19, 2018.

6.)     Bank of America through its attorney at trial Mr. John E. Codrea, provided an Assignment of Mortgage directly from the original mortgagee Mortgage Electronic Registration System as nominee of Quicken Loans to Bank of America, over the intervening specially endorsed Note holder Countrywide Bank.

7.)     Anita Hollins raised as defense the Assignment of Mortgage was wrongfully executed by Mortgage Electronic Registration System after the Note and Mortgage had passed to Countrywide Bank by special endorsement. Magistrate's Decision, p. 7.

8.)     The Magistrate ruled "Defendants lack standing to challenge the validity of the mortgage assignment" and did not determine the validity of a transfer by one without an interest in the Mortgage, but deemed that by presenting an assignment of mortgage made to itself, Bank of America had met its burden of proof.  Magistrate's Decision, November 27, 2017, p. 7.

9.)     Lack of standing affects the Court's jurisdiction over a proponent.  By adjudicating the causes of action against her, the Court recognized its jurisdiction over Anita Hollins as a defendant.  In that context, lack of standing to raise her defense means the Court lacked jurisdiction over Anita Hollins solely to either countenance or rule on Anita Hollins' defense against the Assignment of Mortgage as a defendant in the case.

10.)    Anita Hollins objected to the Magistrate's finding that she could not raise defenses to the Assignment of Mortgage at Objections to Magistrate's Decision, and at Supplemented Objections to Magistrate's Decision, pp. 18-20.

11.)    The Court adopted the Magistrate's Decision.  Order Adopting the Magistrate's Decision, June 19, 2018.

12.)    Plaintiff's allegation that the Assignment of Mortgage was a fraud was therefore never adjudicated.

13.)    The Court's conclusion, that although Anita Hollins was a defendant and the plaintiff in judgment was required to present in its case in chief the chain of assignments of the Mortgage,  the Court could not adjudicate the authenticity of the Assignment of Mortgage because of Anita Hollins' lack of standing, was affirmed on appeal to the Ohio Eighth Appellate District, Case Number 107464, reviewing the Court's decision for an abuse of discretion: "This court has consistently held that a mortgagor lacks standing to challenge the assignment of his mortgage directly if the mortgagor is neither a party to, nor a third party beneficiary of, the assignment contract." Journal Entry and Opinion, April 18, 2019,Para. 19.

14.)    Anita Hollins filed with the Court of Appeal a Motion to Certify a Conflict, denied on June 24, 2019.

15.) Anita Hollins submitted to the Court of Appeals an Application for Reconsideration of the Court of Appeals Opinion, and an Application for Hearing En Banc, both denied October 10, 2019.

16.) Anita Hollins filed for cert with the Ohio Supreme Court on November 18, 2019, as Case No. 2019-1617, denied February 18, 2020.

17.) It is res judicata that Bank of America was required to present into evidence proofs of the chain of assignments of mortgage as a necessary element of Bank of America's case in chief.

18.) It is res judicata that the Note, adjudicated by the Court as valid, showed Countrywide Mortgage was the specially endorsed transferee of the Note from Quicken Loans, and Countrywide evidenced possession of the Note by subsequently endorsing the Note in blank.

19.) It is res judicata that Mr. John E. Codrea as attorney for Bank of America proffered the Assignment of Mortgage from Mortgage Electronic Registration System as nominee for Quicken Loans assigning the mortgage to Bank of America at a time after Countrywide Mortgage was the holder of the Note and Mortgage.

20.) It is res judicata that Anita Hollins was prevented from opposing this Assignment of Mortgage.

21.) The Assignment of Mortgage by Mortgage Electronic Registration Systems was facially fraudulent, purporting to transfer the Mortgage then held by Countrywide from Quicken Loans to Bank of America, .over the intervening interest of Countrywide Mortgage, and because the Court held itself unable to adjudicate the authenticity of the Assignment of Mortgage when Anita Hollins opposed, the proffer of the Assignment of Mortgage by Mr. Codrea constituted a then un-opposable fraud on the court.

22.) Anita Hollins' house was sold at sheriff sale for $97,900 on April 11, 2022, sale confirmed by the Court on June 6, 2022.

23.) Loss of her house damaged Anita Hollins.

24.) Suit is available as an independent cause of action and for fraud on the court under Federal Rule of Civil Procedure 60(d)(1)&(3).

25.) A judgment that required provision of valid documentary evidence, but forbade the defendant in the judgment from contesting the validity of the document, where a facially defective document was proffered, ought not in equity and good conscience be enforced, as abhorrent to the rights of defendant-in-judgment Anita Hollins.

26.)    It was a good defense to the action on the mortgage that the necessary assignment of mortgage was facially made by one without an interest in the mortgage at the time of assignment and so the assignment was fraudulent.

27.)    It is a good defense to the action on the mortgage that Bank of America did not show an assignment of mortgage from Countrywide to Bank of America or from subsequent holders of the Note.

28.)    Provision by an officer of the court, Mr. John E. Codrea acting as an agent for Bank of America, of a facially false assignment of mortgage, where the trial court held itself unable to consider defenses to that provision, prevented the defendant in judgment Anita Hollins from obtaining the benefit of her defense, that a valid assignment of mortgage to the plaintiff in judgment did not exist.

29.)    Anita Hollins was neither at fault nor negligent in her defense, raising the issue repeatedly at trial, as an Objection to the Magistrate's Decision, on appeal to the Court of Appeals, and by Application and by Motion to the Court of Appeals, and in seeking certiorari from the Ohio Supreme Court.

30.)    Absent the present suit, there is no adequate remedy at law.

31.)    The conduct of providing a fraudulent document to the court was performed by the attorney for Bank of America, John E. Codrea acting as agent for Bank of America, and this attorney was an officer of the court.

32.)    The fraud was directed at the machinery of the court where the court is under an obligation to adjudicate an action on a mortgage, and in furtherance of its obligation the Court had required provision by the plaintiff-in-judgment of the chain of assignments of mortgage, but the Court holding itself without jurisdiction to entertain any defendant-in-judgment objections to the required provision, must of need blindly depend wholly on the integrity of the plaintiff-in-judgment in its provision.

33.)    The Assignment of Mortgage provided the Court was facially false as purporting to transfer a necessary interest in the Mortgage by one without a present interest to convey, or at a minimum the Assignment of Mortgage was in reckless disregard for the truth of the required chain of assignments of mortgage, the defense of fraud being raised at trial by Anita Hollins, but the Court holding itself without jurisdiction by lack of defendant-in-judgment standing to adjudicate on the defense of falsehood.

34.)    The Assignment of Mortgage was a positive statement which was false.

35.)    The Court was deceived by the Assignment of Mortgage, necessarily accepting it at face value as a valid assignment of the Mortgage to Bank of America.

36.) Wherefore Anita Hollins seeks an order setting aside the judgment of the Court of Common Pleas of Cuyahoga County, State of Ohio, Case Number CV-14-833789.

/s/ John Wood
John Wood, Esq. Ohio Reg. # 0059129
Counsel to Plaintiff Anita Hollins
c/o 12614 Britton Drive
Cleveland, Ohio 44120