IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ANITA HOLLINS,** | **Case No. 1:22-cv-02261-PAB** |
| Plaintiff, | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **BANK OF AMERICA, N.A.,** | |
| Defendant. | **MEMORANDUM OPINION & ORDER** |

This matter is before the Court on Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim (Doc. No. 5).  On February 26, 2023, Plaintiff Anita Hollins ("Hollins") filed a Brief in Opposition (Doc. No. 8), to which BANA replied (Doc. No. 9).

For the following reasons, the Court DENIES IN PART and GRANTS IN PART BANA's Motion to Dismiss.

**I.      Procedural History**

On December 16, 2022, Hollins filed a Complaint against BANA under Federal Rules of Civil Procedure 60(d)(1) and (d)(3).  (Doc. No. 1.)  On January 24, 2023, BANA filed the present Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1) or, in the alternative, for Failure to State a Claim under Rule 12(b)(6).  (Doc. No. 5.)  On February 26, 2023, Hollins filed a Brief in Opposition to BANA's Motion to Dismiss.  (Doc. No. 8.)  And, on March 2, 2023, BANA filed a Reply.  (Doc. No. 9.)

**II.     Factual Allegations**

In her Complaint, Hollins makes the following factual allegations.  Hollins owned a house in Cleveland, Ohio "subject to a Note made to Quicken Loans and a Mortgage made to Mortgage Electronic Registration System [("MERS")] as nominee of Quicken Loans."  (Doc. No. 1 at ¶ 1.) Quicken Loans "specially endorsed and transferred" the Note to Countrywide Bank, who "allegedly" further endorsed and transferred the Note "by blank endorsement to" BANA.  (*Id*. at ¶ 2.)  BANA sued Hollins and others in the Cuyahoga County Court of Common Pleas "alleging default on the Note and seeking to foreclose the equity of redemption of the Mortgage."  (*Id*. at ¶ 3.)

The assigned magistrate decided that BANA "must present evidence showing: . . . if it is not the original mortgagee, the chain of assignment and transfers."  (*Id*. at ¶ 5.)  BANA's attorney provided the court a mortgage assignment "directly from . . . [MERS] as nominee of Quicken Loans to [BANA], over the intervening specially endorsed Note holder Countrywide Bank."  (*Id*. at ¶ 6.) Hollins raised as a defense that MERS "wrongfully executed" the mortgage assignment "after the Note and Mortgage had passed to Countrywide Bank by special endorsement."  (*Id*. at ¶ 7.)

The magistrate decided that Hollins "lack[ed] standing to challenge the validity of the mortgage assignment."  (*Id*.)  Hollins objected to the magistrate's decision that she lacked standing. (*Id*. ¶ 10.)  On June 19, 2018, the state trial court adopted the magistrate's decision, overruling her objection.  (*Id*. at ¶ 11.)

Hollins appealed, but the Ohio Eighth District Court of Appeals affirmed.  (*Id*. at ¶ 13.) Hollins applied for reconsideration and an en banc hearing.  (*Id*. at ¶ 15.)  On October 10, 2019, the state appellate court denied both applications. (*Id*.)  Hollins filed for certification to the Ohio Supreme

Court, which, on February 18, 2020, the court denied. (*Id*. at ¶ 16.) On April 11, 2022, Hollins's house was sold at a Sheriff Sale for $97,900. (*Id*. at ¶ 22.)

Hollins alleges that BANA's attorney provided a "facially false assignment of mortgage" to the state trial court, which was "fraud . . . directed at the machinery of the court." (*Id*. at ¶¶ 28, 32.) Therefore, Hollins seeks an order from this Court "setting aside the judgment" of the Cuyahoga Court of Common Pleas "for fraud on the court under Federal Rule[s] of Civil Procedure 60(d)(1) [and (d)](3)." (*Id*. at ¶¶ 24, 36.)

### III. Law and Analysis

BANA seeks dismissal of Hollins's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 5.) BANA first argues that this Court lacks subject matter jurisdiction over Hollins's complaint under the *Rooker-Feldman* doctrine. (*Id*. at p. 1.) Alternatively, BANA argues that Hollins has failed to state an independent cause of action under Rule 60(d). (*Id*.) For the reasons set forth below, the Court finds that it has subject matter jurisdiction over Hollins's Complaint, and, therefore, it can proceed to evaluate BANA's argument and concludes, for the reasons set forth below, that Hollins has not stated a claim for relief under Rules 12(b)(6) and 60(d).

#### A. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1)'s standard of review depends on whether the defendant makes a facial or factual challenge to subject matter jurisdiction. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816-17 (6th Cir. 2017). A facial attack "questions merely the sufficiency of the pleading" and requires the district court to "take[] the allegations in the complaint as true." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). To survive a facial

attack, a complaint must have a short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a); *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

By contrast, a factual attack "raises a factual controversy requiring the district court 'to weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Wayside Church*, 847 F.3d at 817 (quoting *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330). The plaintiff has the burden of proving subject matter jurisdiction when a defendant challenges it. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). A court may allow "affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdiction facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

BANA argues that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine because Hollins's Complaint is "seeking appellate review of the final judgment(s) entered in the State Court Action." (Doc. No. 5 at p. 8.) Hollins responds that she is "not seeking appellate review." (Doc. No. 8 at p. 5.) Rather, she argues that "the [state court] judgment itself was obtained by fraud, so *Rooker-Feldman* does not apply to prevent this Court's jurisdiction." (*Id.*) In its Reply, BANA asserts that Hollins's Complaint "would necessarily require this Court to revisit the State Court Judgment itself and because the claims are so inextricably intertwined with each other *Rooker-Feldman* applies and precludes this Court from exercising jurisdiction." (Doc. No. 9 at p. 4.)

As an initial matter, BANA does not make it clear in its Motion whether it is making a facial or factual attack on subject matter jurisdiction. Hollins argues in her Opposition that BANA's attack is facial. (Doc. No. 8 at p. 7.) The Court agrees. Although BANA attached several documents to its Motion to Dismiss, all "are either ones specifically referenced in [Hollins's] [C]omplaint or ones that were otherwise filed in the foreclosure action and [of] which this Court may take judicial notice."

4

*King v. CitiMortgage, Inc.*, 2011 U.S. Dist. LEXIS 79722 at *11-12 (S.D. Ohio July 20, 2011) (citations omitted) (construing defendant's attack as facial even though defendant attached public documents from the foreclosure proceeding); *see also Embassy Realty Invs., LLC v. City of Cleveland*, 877 F. Supp. 2d 564, 569 (N.D. Ohio 2012) (same). None of the documents BANA attached "give rise to a factual controversy" so the Court does not need to "weigh . . . conflicting evidence." *Ohio Nat'l Life Ins. Co.*, 922 F.2d 320 at 325. The Court therefore construes BANA's attack as facial, and it will take the allegations in Hollins's Complaint as true. *Gentek Bldg. Prods.*, 491 F.3d at 330; *see also DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (determining Rule 12(b)(1) motion to be a facial challenge where district court made no factual findings).

"The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020). *Rooker-Feldman* is an "exceedingly narrow limitation on the jurisdiction of district courts." *Hohenberg v. Shelby Cty.*, 2023 U.S. App. LEXIS 12363 at *4 (6th Cir. May 19, 2023) (quoting *VanderKodde*, 951 F.3d at 400). To determine "whether *Rooker-Feldman* bars a claim," a court must look "to the 'source of the injury the plaintiff alleges in the federal complaint.' . . . If the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *Larry E. Parrish, P.C. v. Bennett*, 989 F.3d 452, 456 (6th Cir. 2021) (quoting *VanderKodde*, 951 F.3d at 402). "To determine the source of a plaintiff's injury, a court must look to the requested relief." *Id*.

As applied herein, the *Rooker-Feldman* analysis pulls in opposite directions. On one hand, the source of Hollins's injury is the fact that BANA's attorney allegedly provided the state trial court "a facially false assignment of mortgage." (Doc. No. 1 at ¶ 28.) *Rooker-Feldman* does not apply

5

when "a third party's actions" are the source of the injury. *Rose v. Oakland Cty.*, 2023 U.S. App. LEXIS 8334 at *22 (6th Cir. Apr. 7, 2023) (quoting *VanderKodde*, 951 F.3d at 402); *see also Lea v. Tracy Langston Ford, Inc.*, 2019 U.S. App. LEXIS 38710 at *7 (6th Cir. Dec. 30, 2019) (finding *Rooker-Feldman* did not bar fraud claim against defendant's attorney in state court proceedings). Nor does it apply to "conduct *leading up* to the issuance of" an order or judgment. *Cunningham v. Dep't of Children's Servs.*, 842 F. App'x 959, 964 (6th Cir. 2021) (*Rooker-Feldman* does not apply to conduct leading up to a juvenile court's issuance of ex parte order); *see also Brown v. First Nationwide Mortg. Corp.*, 206 F. App'x 436, 440 (6th Cir. 2006) (*Rooker-Feldman* does not apply to conduct during foreclosure proceedings)*; Hughes v. Deutsche Bank Nat'l Tr. Co.*, 2019 U.S. Dist. LEXIS 173763 at *16 (N.D. Ohio Oct. 7, 2019) (same). Here, the actions of BANA's attorney (a third party) are the source of Hollins's injury. And the attorney took those actions leading up to the state trial court's judgment. So, the "source of the injury" inquiry suggests that the *Rooker-Feldman* doctrine does not bar this Court from entertaining Hollins's Complaint.

But Hollins's Complaint specifically seeks "an order setting aside the judgment of the Court of Common Pleas of Cuyahoga County, State of Ohio, Case Number CV-833789." In *Kost v. Kreeger*, 832 F. App'x 438 (6th Cir. 2021), the plaintiffs litigated a property dispute through all levels of the Michigan state courts. *Id*. at 438. After the Michigan Supreme Court denied them leave to appeal, the plaintiffs sued in federal district court, asserting in their complaint that "[t]his case seeks to challenge a state judicial decision." *Id*. at 439. The Sixth Circuit concluded from this statement that "the self-declared source of Plaintiff's injury is Defendant's state-court judgment." *Id*. And it rejected the plaintiffs' assertion that "they are not seeking to vacate or reject the state court's judgment." *Id*.

6

Like the plaintiffs in *Kost*, at every level of the state court system, Hollins raised the defense that MERS did not have the authority to assign her mortgage to BANA. (Doc. No. 1 at ¶¶ 7, 13, 16.) While both the Ohio state trial and appellate courts found that she lacked standing to challenge the mortgage assignment, both nonetheless analyzed and determined that MERS had the authority to assign the mortgage to BANA. (Doc. No. 5-5 at PageID #234.) *Bank of Am. v. Rogers*, 2019 WL 1762192 at *8-9 (Ohio App. 8th Dist. Apr. 18, 2019). The Ohio Supreme Court did not accept Hollins's appeal, *Bank of Am. v. Rogers*, 183 N.E.3d 1169 (Ohio 2020), and she now asks a federal district court to set aside the state court judgment. So, when the Court looks to the "requested relief," it suggests that the *Rooker-Feldman* doctrine bars this Court from entertaining Hollins's Complaint.

However, the Sixth Circuit has held that while a lower federal court generally may not review a state court's judgment, "[a] federal court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake.'" *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986) (quoting *Resolute Ins. Co. v. North Carolina*, 397 F.2d 586, 589 (4th Cir. 1968)); *see also Simonoff v. Saghafi*, 786 F. App'x 582, 586 (6th Cir. 2019) (citing *In re Sun Valley Foods* and recognizing that *Rooker-Feldman* does not bar collateral attacks on state judgments procured through fraud).[1]

Here, Hollins alleges that BANA improperly procured its judgment by "providing a fraudulent document" that "deceived" the state court. (Doc. No. 1 at ¶ 31, 35.) In other words, her Complaint focuses on "the improper *procurement* of the judgment" and alleges that BANA "deceived the [state] [c]ourt into a wrong decree." *Int'l Christian Music Ministry Inc. v. Ocwen Fed. Bank*, 289 F. App'x

---

[1] *But see Dale v. Selene Fin. LP*, 2016 U.S. Dist. LEXIS 39474 at *10 (N.D. Ohio Mar. 25, 2016) (Carr, J.) (in a case before *Simonoff*, a district court questioned whether *In re Sun Valley Foods* "remains good law," noting that there is an "absence of any Sixth Circuit case applying the fraud exception").

7

63, 65 (6th Cir. 2008) (citation and internal quotation marks omitted). So, Hollins's Complaint falls within the *In re Sun Valley Foods* exception and outside the "exceedingly narrow set of cases" to which the *Rooker-Feldman* doctrine applies. *VanderKodde*, 951 F.3d at 400; *see also Brown*, 206 F. App'x at 440 (6th Cir. 2006) (plaintiff's "claim that the mortgage foreclosure decree was procured by fraud is not barred by *Rooker-Feldman*").

Accordingly, the Court finds that it has subject matter jurisdiction over Hollins's Complaint and, therefore, denies that portion of BANA's Motion to Dismiss seeking dismissal on the basis of lack of subject matter jurisdiction.

### B. Failure to State a Claim

Under Rule 12(b)(6), the Court accepts Hollins's factual allegations as true and construes the Complaint in the light most favorable to Hollins. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). To survive a motion to dismiss under this Rule, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

The measure of a Rule 12(b)(6) challenge—whether a complaint raises a right to relief above the speculative level— "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555-56). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

8

Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Gunasekera*, 551 F.3d at 466 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (internal quotation marks omitted). Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

BANA argues that "no fraud upon the court was committed during the State Court Action." (Doc. No. 5 at p. 10.) And even if fraud were committed, Hollins has failed to "timely assert such a claim." (*Id*.) BANA further argues that Hollins had a "full and fair opportunity to challenge" the mortgage assignment, and her "Complaint is predicated on a misunderstanding of Ohio law." (*Id*. at p. 13.)

In her Opposition, Hollins "abandons her contemplated independent causes of action under 60(d)(1)." (Doc. No. 8 at p. 8.) She only responds to BANA's motion as to Rule 60(d)(3). (*Id*.) Hollins argues that her Complaint is timely because she did not have a "matured cause of action" until June 6, 2022, when her property was sold at a Sheriff's Sale. (*Id*. at p. 9.) Finally, she asserts that she pleaded enough facts in her Complaint to state a claim for relief under Rule 60(d)(3). (*Id*.)

As an initial matter, because Hollins does not oppose BANA's Motion to Dismiss her Rule 60(d)(1) claim, she has abandoned that claim. *Brooks v. Spiegel*, 2021 U.S. App. LEXIS 26752 at *7 (6th Cir. Sep. 3, 2021) (citing *Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007)). The Court will therefore only consider her claim under Rule 60(d)(3).

For the following reasons, the Court finds that Hollins's Complaint fails to state a claim under Rule 60(d)(3) because: (1) Rule 60(d)(3) does not empower this Court to set aside a state court judgment for fraud; and (2) even if it did, Hollins has not stated a claim to relief under Rule 60(d)(3) that is plausible on its face.

First, Rule 60(d)(3) reads in relevant part: "This rule does not limit a court's power to: . . . set aside a judgment for fraud on the court." The Rule does not grant this Court an additional power, "but merely allows continuation of whatever power the court would have had to entertain an independent action if the rule had not been adopted." 11 Wright & Miller, *Federal Practice and Procedure* § 2868 (3d ed.).

The Rule does not indicate on which court the fraud must be committed. Unquestionably, a plaintiff can bring a Rule 60(d)(3) claim in the same court that issued the judgment. *See, e.g., Hunter v. Sterling Mortg. & Inv. Co.*, 2022 U.S. App. LEXIS 5797 at *15 (6th Cir. Mar. 4, 2022). Some courts have also permitted parties to bring independent actions in other federal courts. *See, e.g., Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 223 (4th Cir. 1999). But "the majority of cases hold that the federal courts cannot enjoin the enforcement of state judgments." 11 Wright & Miller, *Federal Practice and Procedure* § 2868 (3d ed.).

Rule 1 provides in relevant part: "These rules govern the procedure in all civil actions and proceedings in the United States *district courts* . . . ." Fed. R. Civ. P. 1 (emphasis added). So, in

interpreting that portion of Rule 60(d)(3) which provides that the Rule "does not limit a court's power," it is referring to "a [district] court's power." Fed. R. Civ. P. 60(d)(3). Similarly, when the Rule provides that a court has the power to "set aside a judgment for fraud on the court," it is referring to "fraud on the [district] court." *Id*.; *see also Aaron v. Michigan*, 2011 U.S. Dist. LEXIS 133866, at *2 (E.D. Mich. Nov. 21, 2011) (citing Rule 1 and reaching same result).

> Policy considerations support this interpretation:
>
> It is appropriate that the court that has been victimized by fraud be the one to redress the wrong, rather than a court of another sovereign. It is generally recognized that a motion in the court that rendered judgment, rather than an independent action for relief, is the preferable remedy. . . . Those who argue for federal power in these circumstances concede that the federal court cannot permit relitigation of matters that have already been decided in the state court. . . . The line between those things properly decided and new allegations of fraud is frequently unclear, and the state court that decided the case is in the best position to draw the line.

11 Wright & Miller, *Federal Practice and Procedure* § 2868 (3d ed.) (quoting ALI, *Study of the Division of Jurisdiction between State and Federal Courts*, Official Draft 1969, pp. 311-12).

Other district courts in this circuit have reached similar conclusions. *E.g., Buchanan v. Midland Funding LLC*, 2017 U.S. Dist. LEXIS 153131 at *16 (W.D. Mich. Aug. 28, 2017) (finding that plaintiff who claimed defendants perpetuated fraud on a state court "is seeking a remedy in the wrong court"); *Hiles v. NovaStar Mortg., Inc.*, 2015 U.S. Dist. LEXIS 97595 at *4 (S.D. Ohio July 27, 2015) ("[I]f a plaintiff believes that a state court judgment was obtained by fraud on the state court, the plaintiff's remedy is by way of a motion for relief from judgment under state law (and before the state court), not by way of a collateral attack on that court's judgment in federal court."); *Lamie v. Wright*, 2014 U.S. Dist. LEXIS 59322 at *32 (W.D. Mich. Mar. 14, 2014) ("The universal rule in the federal courts . . . is that an equitable action to set aside a judgment may only be heard by the court whose judgment is challenged."), *R&R adopted*, *Lamie v. Wright*, 2014 U.S. Dist. LEXIS

92191 at *1 (W.D. Mich. July 8, 2014); *Hicks v. City of Barberton*, 2012 U.S. Dist. LEXIS 163608 at *18 (N.D. Ohio Nov. 15, 2012) ("[Plaintiff] has not shown that defendants engaged in conduct directed toward deceiving *this* Court and therefore, his request for relief pursuant to Rule 60(d)(3) is denied."); *Sessley v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 29661 at *25 (S.D. Ohio Mar. 6, 2012) ("If the plaintiffs believed that the judgment against them was obtained by a fraud committed on the [state] court, that argument should have been made in a Rule 60 motion to that court.").

Second, even if Rule 60(d)(3) empowered this Court to set aside the state court judgment, Hollins has not stated a claim to relief under Rule 60(d)(3) that is plausible on its face. Rule 60(d)(3) requires conduct:

> 1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.

*Hunter v. Sterling Mortg. & Inv. Co.*, 2022 U.S. App. LEXIS 5797 at *14 (6th Cir. Mar. 4, 2022) (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)). Hollins must prove fraud on the court by clear and convincing evidence. *Id*.

Fraud on the court means fraud "which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Id*. (quoting *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012)). The fraud must be "the most egregious conduct involving a corruption of the judicial process itself." *Gen. Med., P.C.*, 475 F. App'x 65 at 71. Rule 60(d) is "available only to prevent a grave miscarriage of justice, which is a demanding standard." *Hunter*, 2022 U.S. App. LEXIS 5797 at *7 (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)) (internal quotation marks omitted). Lastly, Rule

12

60(d) "has no time limitation."[2] *Kennard v. Means Indus.*, 2019 U.S. App. LEXIS 9705 at *3 (6th Cir. Apr. 2, 2019) (quoting *Rodriguez v. Schwartz*, 465 F. App'x 504, 508 (6th Cir. 2012)).

Hollins satisfies the first element by alleging that BANA's attorney, "an officer of the court," perpetrated the fraud. (Doc. No. 1 at ¶ 28.) She also satisfies the second element by alleging that the attorney directed the fraud "at the machinery of the court." (*Id*. at ¶ 32). And she satisfies the third and fourth elements by alleging that the fraud "was a positive statement which was false" and "in reckless disregard for the truth." (*Id*. at ¶¶ 33, 35.) The Court must accept Hollins's allegations as true. *See* Gunasekera, 551 F.3d at 466.

But Hollins fails to satisfy the fifth and final element: that the fraud "deceives the court." While a district court is generally confined to considering only the pleadings in a motion to dismiss, the court may "take judicial notice of 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" *Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023) (citation omitted). Specifically, a court may "take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion." *Hancock v. Miller*, 852 F. App'x 914, 919 (6th Cir. 2021) (citing *Winget v. JP Morgan Chase Bank*, N.A., 537 F.3d 565, 576 (6th Cir. 2008)).

Hollins alleges that the state trial court "was deceived by the Assignment of Mortgage, necessarily accepting it at face value as a valid assignment of the Mortgage to [BANA]." (Doc. No. 1 at ¶ 35.) This Court does not need to "accept as true legal conclusions or unwarranted factual

---

[2] BANA argues that Hollins did not file her Complaint "within a reasonable time" and cites an unpublished Sixth Circuit case, *Buell v. Anderson*, 48 F. App'x 491 (6th Cir. 2002), in support. *Buell* did not impose a time limit. *Id*. at 498. Rather, it recognized that because independent actions "are not time-limited," they "will only prevail to prevent 'a grave miscarriage of justice.'" *Id*. (quoting *Beggerly*, 524 U.S. at 46). Without controlling Sixth Circuit case law, the Court will not impose a time limit on Hollins's Rule 60(d)(3) action.

inferences." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998). The Court does not accept Hollins's legal conclusion that the state trial court was deceived. Nor does it accept Hollins's factual inference that the state trial court "necessarily accept[ed]" the mortgage assignment "at face value as a valid assignment." (Doc. No. 1 at ¶ 35.) While the state trial court found Hollins lacked standing to challenge the validity of the mortgage assignment, it also explicitly found that the mortgage assignment was "properly executed and recorded." (Doc. No. 5-5 at PageID #234.) Hollins appealed the state trial court's finding, but the state appellate court affirmed, and it found that "Ohio law is clear that MERS has authority to assign a mortgage when it is designated as both nominee and mortgagee." *Bank of Am. v. Rogers*, 2019 WL 1762192 at *8.

Moreover, the specific fraud that Hollins's complaint alleges is that BANA's attorney failed "to present into evidence proofs of the chain of assignments of mortgage." (Doc. No. 1 at ¶ 17). Even if this Court accepts as true the allegation that BANA's attorney failed to submit certain evidence, such "fraud" is hardly "egregious conduct" that corrupts "the judicial process itself." *Gen. Med., P.C.*, 475 F. App'x 65 at 71. Examples of conduct meeting this high standard are "bribing a judge, employing counsel to exert improper influence on the court, and jury tampering." *Id*. Failing to present evidence does not rise to this level. *See Kennard*, 2019 U.S. App. LEXIS 9705 at *3 (agreeing that nondisclosure of pertinent facts to a court, without more, does not constitute fraud on the court).

Accordingly, the Court grants BANA's Motion to Dismiss for Failure to State a Claim.

## IV. Conclusion

For the reasons set forth above, the Court DENIES IN PART and GRANTS IN PART BANA's Motion to Dismiss (Doc. No. 5).

**IT IS SO ORDERED.**

Date: May 22, 2023

                        *s/Pamela A. Barker*
                        PAMELA A. BARKER
                        U. S. DISTRICT JUDGE